UNITED STATES v. D. S. HESSE & BRO.

(Circuit Court of Appeals, Second Circuit.   November 8, 1907.)

No. 78 (4,210).

CUSTOMS DUTIES — CLASSIFICATION — ARTICLES "IN IMITATION OF LACE" — BRAID SETS.

Collars and cuffs composed of braids sewn together and ornamented with cords and threads *held* dutiable as "wearing apparel * * * in imitation of lace," under Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662]. It is not necessary that articles coming within this provision should be imitation lace as known to the trade.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court reversing a decision of the Board of General Appraisers (G. A. 6,283; T. D. 27,086), which sustained the action of the collector of the port of New York in classifying certain articles for duty under the act of 1897. The opinion below is found in (C. C.) 154 Fed. 171.

D. Frank Lloyd, Asst. U. S. Atty.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The articles in question are collars and cuffs designed for feminine wearing apparel, each set consisting of a collar and one pair of cuffs completed and ready to be attached to the garment on which they are to be worn. They are composed of cotton braids sewn together by hand, and ornamented with cotton cords and cotton threads.

The relevant paragraphs are:

"322. All manufacturers of cotton **not specially provided for in this act** forty five per centum ad valorem."

"339. Laces, lace window curtains, tidies, pillow shams, bed sets, insertings, flouncings and other lace articles; handkerchiefs, napkins, wearing apparel, and other articles, made wholly or in part of lace, or in imitation of lace; nets or nettings, veils and veilings, etamines, vitrages, neck rufflings, ruchings, tuckings, flutings, and quillings; embroideries and all trimmings, including braids, edgings, insertings, flouncings, galloons, gorings and bands; wearing apparel, handkerchiefs, and other articles or fabrics embroidered in any manner by hand or machinery, whether with a letter, monogram or otherwise; tamboured or appliquéd articles, fabrics or wearing apparel; hemstitched or tucked flouncings or skirtings, and articles made wholly or in part of rufflings, tuckings, or ruchings," etc.

Act July 24, 1897, c. 11, § 1, Schedules I, J, pars. 322, 339, 30 Stat. 179, 181 [U. S. Comp. St. 1901, pp. 1661, 1662].

It will be observed that paragraph 339 contains a detailed enumeration of a considerable number of specific articles. Paragraph 322 is a general catch-all clause. Moreover, the use of the phrase "other articles made wholly or in part of lace or in imitation of lace" implies that Congress understood that there were articles made in imitation of lace, which did not contain any lace in their make-up. There is noth-

ing to show that the phrase "articles made in imitation of lace" has any trade meaning or is other than a mere descriptive phrase.

From the record and an inspection of the exhibits submitted, we have reached the conclusion that the importations in controversy are not "lace" nor "imitation lace," as those words are used in trade, nor are they made "wholly of lace," nor made "in part of lace," but that they are "articles made in imitation of lace," and as such covered by paragraph 339.

The decision is reversed.